# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| CARL E. TANNER and LISA A. TANNER, | : :  : |
| Plaintiffs, | : : |
| v. | : CIVIL ACTION NO. : 2:12-CV-139-RWS : |
| GORILLA, INC., | : : |
| Defendant. | : |

## ORDER

The Court held a hearing on April 15, 2013 to address certain discovery issues that have arisen between the parties. Having heard oral argument and considered the positions of the parties, the Court enters the following Order.

A.  Interrogatories and Requests for Production

1. Plaintiffs' request for an order requiring Defendant to timely supplement its responses to Plaintiffs' Interrogatories and Requests for Production with any new information and/or newly discovered documents is **DENIED**. The Federal Rules of Civil Procedure require Defendant to so supplement its discovery responses; a Court Order to this effect is unnecessary.

2. Plaintiffs' request that the attorneys in Ohio and Florida

representing plaintiffs in similar personal injury cases[1] be designated "other persons" who may receive confidential materials in this case is **GRANTED** in accordance with paragraph 7(e)(ii)(e) of this Court's Standing Order.

3. Plaintiffs' request that Defendants be compelled to permit Plaintiffs to conduct depositions of Robert E. Eastman, II, Robert E. Eastman, III, Erik Eastman, Michael Stone, and Leonard Rezmer is **GRANTED**, insofar as these individuals are not exempt from depositions under the theories asserted by Defendant. This ruling does not alter, however, the number of depositions to which Plaintiffs are entitled.

4. Plaintiffs' request that Defendant be compelled to permit an inspection of Defendants' offices and/or facilities is **DENIED**.

5. Plaintiffs' request that Defendant be compelled to answer Plaintiffs' Renumbered First Interrogatories is **GRANTED**. The Court finds that Plaintiff's Renumbered First Interrogatories exceed the numerical limit of twenty-five, but the Court will permit Plaintiffs to propound the additional interrogatories.

---

[1] Stephen v. Gorilla, Inc., No. 2:13-cv-148 (S.D. Ohio) and Crown v. Gorilla, Inc., No. 1:12-cv-00271 (N.D. Fla.).

AO 72A
(Rev.8/82)

6.     Plaintiffs' request that Defendant be compelled to provide complete and non-evasive answers to Interrogatories Nos. 1, 2, 4, 5, 6, and 8[2] is **GRANTED in part** and **DENIED in part**.  As to Interrogatories Nos. 1, 2, 4, and 5, the parties agree that Defendant has provided answers but has failed to provide the locations of the companies identified.  Defendant represents that it does not have this information despite a diligent attempt to obtain it.  Defendant is **ORDERED** to supplement its responses to these Interrogatories to state in writing that it does not have this information.  Defendant is also reminded of its continuing obligation to attempt, in good faith, to ascertain this information and provide it to Plaintiffs.  As to Interrogatories Nos. 6 and 8, the Court finds Defendant's responses sufficient.

7.     Plaintiffs' request that Defendant be compelled to produce still photographs that the Defendant created from videotapes is **DENIED**.

8.     Plaintiffs' request that Defendant be compelled to provide the full name, current address, current occupation and employer, and current business

---

[2] In their initial correspondence with the Court, Plaintiffs also sought an Order compelling Defendants to provide an additional answer to Interrogatory No. 7.  The parties have since informed the Court that they have reached agreement as to this Interrogatory.

3

address for certain persons identified by Plaintiff and listed on Defendant's privilege log is **DENIED**. Defendant's agreement to provide Plaintiff with the full names and affiliations of those persons is sufficient.

9. Plaintiffs' request that Defendant be compelled to supplement its privilege log is **GRANTED**, insofar as Defendant is required to produce a new privilege log that satisfies the following criteria:

> (i) It is not sufficient merely to label documents listed in a privilege log with the privilege asserted (e.g., "attorney client privilege"); on the contrary, in addition to asserting the privilege, Defendants **SHALL** describe each withheld document with sufficient detail and/or context to permit Plaintiffs and the Court to assess the privilege. A few examples of descriptions that likely would suffice in this case are as follows:
>
> - "communications re: claims filed in other similar incidents ('OSIs')";
> - "communications re: affirmative defenses";
> - "communications re: contributory negligence

4

> by Plaintiff"; and
>
> - "communications re: legal requirements for warning labels."

(ii) Defendants **SHALL** consecutively number each entry on the privilege log so that the parties may refer to withheld documents by privilege log number (not merely bates number);

(iii) Defendant **SHALL** organize its privilege log by topic. To this end, the parties **SHALL** meet and confer to create a list of topics to which Plaintiffs' requests for production pertain. This list should not exceed fifteen. Once the parties have identified the topics to which Plaintiffs' requests for production pertain, Defendant shall categorize each withheld document according to the topic to which it relates.

(iv) Redacted documents **SHALL** be listed on the privilege log consistent with the foregoing provisions.

10. Plaintiffs' requests that Defendant be compelled to provide supplemental written responses and to produce additional documents in

5

response to Plaintiffs' First Requests for Production[3] are **GRANTED in part** and **DENIED in part**.  The Court finds that Plaintiff's first, fourth, and sixth requests for supplemental responses or additional documents[4] are satisfied by requiring Defendant to produce a revised privilege log (see paragraph 9, supra).  To the extent issues remain after Defendants produce the revised privilege log, the parties **SHALL** meet and confer in good faith to resolve them before seeking the involvement of the Court.

With respect to Plaintiffs' second request, that Defendant be compelled to provide a complete and non-evasive response to Request No. 11, the Court finds that Defendant has adequately responded to Request No. 11 by producing certain contracts.  (Defendant, of course, shall be precluded from using at trial any contract that is responsive to Request No. 11 that was not produced during

---

[3] These request were made in Plaintiffs' April 9, 2013 letter to the Court.

[4] The first request is for an "Order compelling the Defendant to provide supplemental responses to Request Nos. 9, 13, 15, 16, 17, 19, 20, 21, 24, 25, 26, 27, 37, 108, 132 and 143 stating that the Defendant has completed a diligent and good faith search and that all responsive documents have been produced to the Plaintiffs and/or are listed on the Defendant's privilege log. . . ."  The fourth request is for an "Order compelling the Defendant to produce all documents responsive to Request Nos. 68, 69, 70, 77, 78 and 116."  The sixth request is for an "Order compelling the Defendant to produce all documents responsive to Request Nos. 111, 112, 113 and 114."

discovery.)

With respect to Plaintiff's third request, that Defendant be compelled to produce additional evidence and documents sought in Request Nos. 36-47, Defendant **SHALL** produce any and all documents that demonstrate or reflect any incident of product failure,[5] irrespective of whether injury occurred as a result of the product failure.  To the extent Defendant has or will produce redacted documents, those documents should be identified on the privilege log (in a manner consistent with paragraph 9, supra).

Finally, with respect to Plaintiffs' fifth request, that Defendant be compelled to produce all documents responsive to Request Nos. 90, 91 and 92, the Court finds that Defendant has adequately responded to these requests for production.

B.   Other Issues

1. Corporate Designees.  Defendant **SHALL** disclose to Plaintiffs its corporate designees for the Rule 30(b)(6) deposition on or before **May 26, 2013**.

---

[5] Thus, for example, a document reflecting the order of a new product component without any mention of or relation to product failure or defect would not be subject to production.

7

2. <u>Physical Evidence</u>.  Defendant **SHALL** make available to Plaintiffs for inspection any and all physical evidence on or before **May 26, 2013**, to the extent such physical evidence exists.

3. <u>Testing of Physical Evidence</u>.  Plaintiffs are not required to conduct non-destructive testing of physical evidence in the presence of Defendant but may choose to do so.

4. <u>Unavailable Witness Depositions</u>.  Parties may take the depositions of unavailable witnesses for use at trial without having the depositions count against their authorized number of discovery depositions.

C.     <u>Extension of Fact Discovery</u>

1. All fact discovery must be completed on or before **July 26, 2013**.

2. Defendant must supplement its interrogatory responses and produce a revised privilege log, in accordance with the foregoing provisions of this Order, on or before **May 26, 2013**.  Defendant shall be permitted to request additional time to revise its privilege log after the parties meet and confer and designate the topical categories to which Plaintiffs' Requests for Production pertain.

**SO ORDERED**, this  17th  day of April, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE